UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLES ERIC COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DKT. NO. 17-cv-1126 |
| ) | |
| BLUESCOPE BUILDINGS NORTH ) | JURY TRIAL DEMANDED |
| AMERICA, INC., and EXPRESS ) | |
| SERVICES, INC. OF COLORADO, d/b/a ) | |
| EXPRESS EMPLOYMENT ) | |
| PROFESSIONALS, ) | |
| ) | |
| Defendants. ) | |

_____

**COMPLAINT**
_____

## I. PRELIMINARY STATEMENT

1. This is an employment discrimination action seeking relief as authorized by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq.* (herein "Title VII").

## II. JURISDICTION

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000(e-5)(f)(3), and 42 U.S.C. § 1988. All of the actions complained of herein occurred in Madison County, Tennessee, within the jurisdiction and venue of this Court.

### III.   PARTIES

3.   Plaintiff Charles Eric Cox, is a male resident of Madison County, Tennessee, and was an "employee" of the Defendants as that term is defined under § 701(b) of Title VII, 42 U.S.C. § 2000(e)(b), *et seq*.

4   Defendant BlueScope Buildings North America, Inc., (hereinafter "BlueScope") is a Delaware corporation licensed and doing business in the State of Tennessee, and operates a business in Jackson, Tennessee, with an office located at 2404 Dr. F. E. Wright Drive, Jackson, Tennessee 38305, with its principal address being 1540 Genessee St., Kansas City, Missouri 64102-1069, and was Plaintiff's "employer" as that term is defined in § 701(b) of Title VII, 42 U.S.C. § 2000(e)(b), *et seq*. In the alternative, BlueScope was Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein. Service of process may be obtained on BlueScope by serving its designated agent for service of process, CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, Tennessee 37929-9710.

5.   Defendant Express Services, Inc. of Colorado, d/b/a Express Employment Professionals, (hereinafter "ESI") is a Colorado corporation licensed and doing business in the State of Tennessee, and operates a staffing services business in Jackson, Tennessee, with an office located at 319 Van Drive, Suite A, Jackson, TN 38305, with its principal address being 9701 Boardwalk Boulevard, Oklahoma City, Oklahoma 73162-6029, and was Plaintiff's "employer" as that term is defined in § 701(b) of Title VII, 42 U.S.C. § 2000(e)(b), *et seq*. In the alternative, ESI was Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein.  Service of process may be obtained on ESI by serving its designated agent for

service of process, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## IV. EXHAUSTION OF REMEDIES

6. Prior to instituting this action, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000(e-5)(e), and received a right to sue letter within ninety (90) days of filing this lawsuit. A copy of the right to sue letter is attached hereto as an exhibit to this Complaint.

## V. FACTS

7. Plaintiff Charles Eric Cox (hereinafter "Plaintiff") began his employment with ESI on or about October 2013 and was assigned to work for BlueScope as a welder/fabricator in BlueScope's maintenance department. Plaintiff's immediate supervisor was Greg Ayers (hereinafter "Ayers"), who was BlueScope's Maintenance Supervisor.

8. Shortly after beginning his employment and/or assignment with ESI and BlueScope (collectively hereinafter "Defendants"), Ayers began regularly making sexually explicit comments directed at Plaintiff. Plaintiff avers that Ayers regularly made such comments in the presence of other maintenance employees and during the daily maintenance meetings with BlueScope's maintenance staff. Ayers added the initials "JB" between Plaintiff s first and last names on the job assignment sheets that are posted for employees to see, and Ayers told everyone that Plaintiff's new name was Eric "Jason's B**ch" Cox. When Plaintiff complained about the harassment and asked him to stop, Ayers told Plaintiff that "he had better remember his place there as he was only a temp and [Ayers] could get rid of Plaintiff anytime [Ayers] wanted."

9. Following Plaintiff's complaint to Ayers about the unwelcomed sexual harassment, Ayers' sexually offensive conduct and treatment of Plaintiff became more aggressive and hostile.

Ayers would stare at Plaintiff's groin area during the daily maintenance meetings. Ayers would lunge at Plaintiff's butt and tell him he had a nice butt. Ayers asked Plaintiff if a "big fella" could ever do anything for him. Ayers would tell Plaintiff to bend over because "he had something for him". Ayers would point at Plaintiff's groin and tell Plaintiff that his jeans were tight. Ayers would also gesture at his own groin area and ask Plaintiff if he wanted some or if he wanted some of his man love.

10. On more than one occasion, Ayers told Plaintiff that he had had sexually explicit dreams about Plaintiff. Ayers would then continue to graphically explain said dreams, including details such as Plaintiff standing naked standing over Ayers. Ayers also told Plaintiff that one such dream involved him giving Plaintiff "a c*m facial". Plaintiff avers that he continued to ask Ayers to stop his unlawful, hostile conduct; however, Ayers repeatedly responded that he could terminate Plaintiff's employment at any time.

11. After Ayers' sexual harassment of Plaintiff continued, Plaintiff spoke to several other BlueScope employees, who informed Plaintiff that although Ayers' sexual harassment should be reported to BlueScope's human resource office, Plaintiff would most likely be terminated for reporting said harassment. With this in mind, on or about October 2014, Plaintiff again attempted to speak to Ayers to put an end to the unwanted harassment. In response, Ayers went to BlueScope's human resources office and attempted to have Plaintiff's employment terminated by reporting that Plaintiff's assignment was completed.

12. On or about December 2014, Plaintiff confronted Ayers again about the unwanted sexual harassment. Following said confrontation, Plaintiff filed a formal complaint with BlueScope's human resources office about the months of sexual harassment that he had been

subjected to by Ayers. After making the complaint, Plaintiff was sent home that day and told that BlueScope would conduct a formal investigation. Plaintiff avers that he was told to return to work on the following Monday. However, when Plaintiff returned to work at his scheduled time that Monday, he was met at the timeclock and his badge and safety gear were taken and he was told to leave the property. Plaintiff was not allowed to return to work at BlueScope. Plaintiff further avers that following his report and termination from BlueScope, ESI would only offer Plaintiff assignments that would have paid Plaintiff substantially less and were not comparable to the wages earned at assigned to work for BlueScope.

13. Plaintiff avers that during the course of his employment with the Defendants, he was continuously subjected to a hostile work environment. Plaintiff further avers that said hostile treatment was unlawfully committed because of his sex and created a hostile and abusive working environment that repeatedly interfered with Plaintiff's ability to perform his job duties.

14. Plaintiff avers that Defendants' actions as complained of herein constitute illegal sexual harassment in violation of his rights under Title VII. Plaintiff further avers that his termination by Defendants was done in retaliation for Plaintiff exercising his rights under Title VII by reporting Ayers' sexual harassment.

## VI.   CAUSE OF ACTION

### TITLE VII

15. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

16. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendants, discriminated against him on the basis of his sex, in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended.

17. Plaintiff further avers that the above stated acts, done by individuals acting on behalf of the Defendants, permeated the workplace with such discriminatory insult and created an abusive working environment in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended.

18. Plaintiff further avers that the Defendants, by and through their agents, officials, and employees, retaliated against him for exercising his rights as detailed herein in violation of Title VII of the Civil Rights Act of 1964, as amended.

19. Plaintiff further avers that the above stated acts, done by individuals acting on behalf of the Defendants, were done with the Defendants' knowledge, and the Defendants failed to act to stop and/or prevent the workplace sexual harassment in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended.

20. Plaintiff further avers that the unlawful employment practices complained of herein were intentional and/or done with reckless indifference to his employment rights secured under Title VII of the Civil Rights Act of 1964, as amended.

## VII.   DAMAGES

21. The unlawful employment practices complained of herein caused Plaintiff to suffer severe emotional distress, humiliation, inconvenience and embarrassment, as well as the loss of pay and the benefits of employment, and he has had to retain legal counsel to defend and prosecute his rights.

22. The unlawful employment practices complained of herein were willful, malicious, intentional and/or done with reckless indifference to his employment rights protected by Title VII.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that the Court:

a. Declare Defendants' practices as complained of herein to be in violation of Title VII of the Civil Rights Act of 1964, as amended;

b. Grant Plaintiff an injunction prohibiting Defendants, their agents, employees, and successors from further discriminating or retaliating against him on account of his sex and for exercising his rights under Title VII of the Civil Rights Act of 1964, as amended;

c. Grant Plaintiff an order requiring Defendants to make him whole by appropriate back pay, front pay, and all other benefits of employment lost as a result of the actions complained of herein;

d. Grant Plaintiff any compensatory and/or punitive damages to which he is entitled to under the above Title VII of the Civil Rights Act of 1964, as amended, as a result of the actions complained of herein, including but not limited to damages for their severe embarrassment, humiliation, and emotional distress.

e. Grant Plaintiff a trial by jury.

f. Grant Plaintiff his costs incurred herein, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988.

g. Grant Plaintiff such other further relief both general and specific as the Court deems necessary and proper in this case.

        Respectfully submitted,

        WEINMAN THOMAS LAW FIRM


        <u>/s/ Michael L. Weinman</u>
        Michael L. Weinman (#15074)
        *Attorney for Plaintiff*
        112 S. Liberty Street, Ste. 321
        P. O. Box 266
        Jackson, TN 38302
        731-423-5565
        mike@weinmanthomas.com